UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE MAU, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>BOND,<br><br>    Respondent. | No. 2:14-cv-1021 KJN P<br><br><br><br>ORDER |

I. Introduction

    Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    This action is proceeding on the original petition filed April 25, 2014. Petitioner concedes that his petition contains unexhausted claims, known as a "mixed" petition, and seeks to stay this case pending exhaustion of his state court remedies. Petitioner claims that grounds one and two are exhausted, and grounds three and four are not exhausted. Petitioner filed grounds three and

1

four in the San Joaquin County Superior Court on April 9, 2014.  (ECF No. 2 at 5.)

Pending before the court is petitioner's request to stay this action pending exhaustion of grounds three and four under Rhines v. Weber, 544 U.S. 269, 276 (2005).  For the following reasons, the court grants the motion for stay.

II. Motion to Stay

A. Stay and Abeyance Procedures

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred.  See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines, 544 U.S. at 277.  Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain

1  pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at

2  1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court

3  has discretion to stay a mixed petition to allow a petitioner time to return to state court to present

4  unexhausted claims.").

5        A petitioner who proceeds under Rhines can, in many instances, avoid a statute of

6  limitations problem with respect to his unexhausted claims.  See King, 564 F.3d at 1140.

7  However, the requirements are more stringent for the granting of a stay under Rhines, as

8  compared to Kelly.  The Supreme Court has cautioned that a "stay and abeyance [under the

9  Rhines procedure] should be available only in limited circumstances," and "district courts should

10  place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at

11  277-78.  District courts should not grant a stay under Rhines if the petitioner has engaged in

12  abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless.

13  Id. at 278.  Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court

14  determines there was good cause for the petitioner's failure to exhaust his claims first in state

15  court.'"  King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78).[1]

16        The decisions in both Kelly and Rhines "are directed at solving the same problem --

17  namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion

18  requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."  King, 564 F.3d at 1136.

19        B.  Petitioner's Motion

20        As set forth above, petitioner specifically seeks to stay this case under Rhines.

21  Petitioner concedes that claims three and four are not exhausted, but that petitioner filed these

22  claims in a habeas corpus petition filed in the San Joaquin County Superior Court on April 9,

23  2014.  (ECF No. 2 at 5.)  Petitioner argues that these claims have merit, and that a successful

24  resolution of these claims in state court would render moot further proceedings in this court.

25  (ECF No. 2 at 2.)

26  ////

---

27
28  [1] The Kelly procedure, which remains available after Rhines, does not require a showing of good cause.  King, 564 F.3d at 1140.

1    Claims three and four do not appear to be clearly meritless.  However, petitioner failed to
2    address the issue of delay.  Petitioner claims he is developmentally challenged, and cannot read or
3    write.  Petitioner provided an educational chrono which states that petitioner has been attending
4    classes regularly since October 26, 2012.  (ECF No. 2 at 6.)  On January 7, 2013, petitioner tested
5    at a 3.2 grade level.  (ECF No. 2 at 7.)  But petitioner was able to file the instant action with the
6    assistance of another inmate.  (ECF No. 2 at 25-26.)  Petitioner offers no facts explaining whether
7    he earlier sought assistance but was rebuffed, or whether other circumstances prevented him from
8    seeking assistance in filing collateral challenges in state court.
9    Here, the California Supreme Court denied the petition for review on February 20, 2013.
10   Petitioner's conviction became final ninety days later, on May 21, 2013, when the time for
11   seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157
12   (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on May
13   22, 2013.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's
14   last day to file his federal petition was on Thursday, May 22, 2014.
15   Petitioner filed his first post-conviction challenge in state court on April 9, 2014.[2]  By
16   April 9, 2014, 322 days of the 365 day limitations period had expired.  Provided petitioner
17   pursued his state court remedies without delay,[3] petitioner is entitled to tolling during the

---

[2]  Petitioner did not provide the entire state court petition, so the court was unable to give him the benefit of the mailbox rule.  Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988).  If petitioner can provide the certificate of service reflecting the date that he presented the San Joaquin County Superior Court petition to prison officials for mailing, petitioner may be entitled to additional time under the limitations period.

[3]  Tolling of the one year statute of limitations period continues during the intervals between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law.  Evans v. Chavis, 546 U.S. 189 (2006); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (with no adequate justification for 80 and 91 day delay, such delays are unreasonable in California).  See also Sok v. Substance Abuse Training Facility, 2011 WL 3648474 (E.D. Cal., Aug. 17, 2011) (collecting cases and noting that "a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable.").

pendency of his collateral challenges in state court.  The California Supreme Court website reflects that petitioner filed his petition for writ of habeas corpus on June 13, 2014, and the case status is reflected as "case initiated."  See California Appellate Courts Case Information Website, Case No. S219302, <http://appellatecases.courtinfo.ca.gov> (accessed June 16, 2014).

The petition for review filed in the California Supreme Court was denied on February 20, 2013.  (ECF No. 1 at 2.)  Yet petitioner did not file his petition for habeas corpus in the San Joaquin County Superior Court until April 9, 2014, over a year after the petition for review was denied.  Petitioner fails to explain why he was unable to obtain assistance from other inmates prior to April of 2014.  However, it appears that once petitioner was able to obtain the assistance of another inmate, he diligently pursued claims three and four by filing in the California Supreme Court about two months after he filed in the San Joaquin Superior Court.  Such claims are not presently time-barred under AEDPA.  Moreover, once the California Supreme Court rules on claims three and four, such claims will be exhausted.

Therefore, because petitioner's collateral challenge is presently pending in the California Supreme Court, the court finds good cause to stay this action pending the California Supreme Court's ruling.  However, petitioner is cautioned that he must file a motion to lift the stay of this action within thirty days from the date of any order by the California Supreme Court addressing petitioner's claims three and four.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's motion to stay (ECF No. 2) is granted;

3. Within thirty days from the date of any order by the California Supreme Court addressing petitioner's habeas petition, petitioner shall file a motion to lift the stay of this action; and

4. The Clerk of the Court is directed to administratively close this case.

Dated: June 17, 2014

/mau1021.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5